**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

CHARLES EDWARD YOUNG,
               *Defendant-Appellant.*

No. 00-4424

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

SCHANEN DUVENE WATTS,
               *Defendant-Appellant.*

No. 00-4500

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

CHARLES EDWARD YOUNG,
               *Defendant-Appellant.*

No. 00-4537

Appeals from the United States District Court
for the District of South Carolina, at Greenville.
Dennis W. Shedd, District Judge.
(CR-97-128, CR-99-1104)

Submitted: October 31, 2001

Decided: January 14, 2002

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William H. Ehlies, II, WILLIAM B. EHLIES, P.A., Greenville, South Carolina, for Appellant Young; Riche T. McKnight, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Atlanta, Georgia, for Appellant Watts. Scott N. Schools, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Young pled guilty to conspiracy to distribute cocaine base (crack), 21 U.S.C. § 846 (1994), and failure to appear, 18 U.S.C.A. § 3146(a)(1) (West 2000). He received a career offender sentence of 252 months imprisonment for the first offense, *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000), and a consecutive thirty-month sentence for the second offense. Schanen Duvene Watts pled guilty to conspiracy to distribute cocaine base (crack), 21 U.S.C. § 846 (1994), and was sentenced to 130 months imprisonment. Young appeals his sentences, alleging that the district court erred in computing his criminal history. Watts appeals his conviction on the ground that his guilty plea was involuntary. We affirm Young's sentence and Watts' conviction.

Young argues that the prior state drug offenses for which he was sentenced on the same date in 1989 should all have been grouped together and treated as related cases because they were all committed within three months, they were of the same character, and they were

consolidated on the state court sentencing docket. *See* USSG § 4A1.2, cmt. n.3. However, as Young acknowledges, Application Note 3 to § 4A1.2 provides that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." Young's prior offenses that had a common arrest date were correctly grouped together. The remaining offenses were separated by intervening arrests and could not be treated as related cases under Application Note 3 to § 4A1.2.

Moreover, even if all five prior drug offenses had been considered related cases and treated as one prior offense, Young would still be in criminal history category VI because he was correctly sentenced as a career offender. As required by USSG § 4B1.1, Young was over eighteen when he committed the offense of conviction, the offense of conviction was a felony controlled substance offense, and he had prior convictions for a crime of violence (aggravated assault and battery), and one or more convictions for controlled substance offenses. Therefore, we find no error in the sentence imposed by the district court.

Watts contends that his guilty plea should not have been accepted by the district court because it was involuntary. He argues that he was unaware that his plea would expose him to punishment for either the possession or distribution of crack cocaine. This court has held that an "appropriately conducted Rule 11 proceeding . . . raise[s] a strong presumption that the plea is final and binding." *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (quoting *United States v. Lambey*, 974 F.2d 1389, 1393 (4th Cir. 1992)).

Our review of the guilty plea colloquy discloses that the district court complied fully with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Although Watts maintained that he had sold only cocaine powder, the district court carefully explained that Watts was charged in a crack conspiracy, explained the elements of the offense, explained that Watts could be sentenced for involvement with crack under the principle of relevant conduct even if he had limited his personal activity to the sale of cocaine powder, explored more than once what the government was prepared to prove, and gave Watts ample time to consult with his attorney and decide whether he

wished to plead guilty to the charge of conspiring to distribute crack. On this record, Watts' contention that he was confused by certain statements made by his attorney, the government attorney, and the district court are unavailing.

We therefore affirm the judgment in both cases. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*